MORTON SCOTT *v*. NANCY E. ESTILL ET AL.

[Abstract Kentucky Law Reporter, Vol. 4—356.]

**Notes Taken for Interest in Partnership Property.**

Before the payee of notes taken as the consideration of the sale of a one-fifth interest in partnership property, can recover upon them, he should show ability to convey and offer to carry to the purchaser title to the property and interest agreed to be conveyed, and if such payee does not own as much as one-fifth interest in such partnership property, the notes should be credited by the deficiency.

APPEAL FROM JESSAMINE CIRCUIT COURT.

October 31, 1882.

OPINION BY JUDGE LEWIS:

There is a decided preponderance of proof in this case that appellant purchased the interest of his sister, Nancy E. Estill, in the partnership property, in Jessamine County, Kentucky, and Madison County, Mississippi, at the price mentioned in the notes sued on. And there is no other probable way shown by which she and her husband got possession of the notes, the execution of which he admits, than that they were delivered by him. His allegation that the purchase was made conditional upon the other members of the

firm agreeing to unite with him, and that the notes were not to be binding unless they joined in the execution of them with him is not sustained by the evidence. On the contrary, it is satisfactorily shown that he made the purchase unconditionally for the joint benefit as he executed the notes in the name of himself and his brother, Samuel Scott. We think that it also appears that in pursuance of the contract and at the request of appellant, Mrs. Estill and husband made a deed to him and Samuel Scott for the property sold, and acknowledged it before the clerk of the Jessamine County Court, or one of his deputies. That Samuel Scott now repudiates the purchase, and denies that he gave to appellant a power of attorney, as the latter represented to Mrs. Estill and husband he had done, or in any way authorized him to sign his name to the notes does not release appellant. But he is as much bound as if the purchase had been made and the notes signed by him alone.

It appears that there were originally five members of the two firms, brothers and sisters, and that the property of both firms consisted of land, slaves and personalty. It is also alleged in evidence that by the terms of the copartnership those who put into the firm less than the largest amount were not to be entitled to an equal portion or interest until all were made equal out of the firm assets; that some members of the firm did in fact put into the firm, or contributed towards the purchase of the partnership property larger amounts than others, appellee, Nancy Estill, putting in the least of all. Besides, it is contended, in fact shown by the evidence, that she withdrew from the hands of the executor of her father a sum of money agreed by her when the copartnership was formed should be a portion of the partnership property, and that she appropriated to her own use a slave of considerable value belonging to the firm. It is, therefore, important to ascertain whether appellees sold and agreed to convey simply her interest in the partnership property undivided and uncertain as to amount or sold and agreed to convey an interest equivalent in value and amount to one-fifth.

In some way not satisfactorily appearing, the original deed appellees allege they executed has been lost and as it does not appear that the loss and nonappearance of the deed is attributable to appellant, or that he accepted or ever saw it after it was acknowledged or even after it was executed, it would not if produced be conclusive of the terms of the contract. Much less, therefore, is

the paper filed by appellees and alleged to be a copy of the original deed, evidence of the terms of the contract. It therefore follows that what is the amount of the interest sold to appellant for which the notes were given must be ascertained otherwise. As it is incumbent upon appellees, in the absence of written evidence, to show the terms of the contract, we think the paper presented and filed by them as a copy of the original deed and upon which they rely for that purpose, as well as their pleading, should be construed most strongly against them.

In their petition they allege that the notes were given to them for their undivided interest, which was one-fifth in the partnership property in Kentucky and in Mississippi. And in the paper purporting to be a copy of the original deed and which they file and tender to appellant in lieu of the original, it is recited that the interest sold and conveyed by the first deed was one undivided fifth of the partnership property. We think that it should, therefore, be held and considered that the consideration of the notes was the interest of appellee, Nancy E. Estill, equivalent in value to one-fifth of the partnership property at the time of the sale. Although it is recited in the paper filed with the petition that the interest sold and conveyed by he original deed was an undivided fifth, in the deed so tendered, appellees simply convey, or offer to convey to appellant her undivided right, title and interest without specifying or warranting the title to an interest of one-fifth in value and amount. We think that before appellees can recover upon the notes they should show an ability to convey, and offer to carry to appellant an undivided interest in the partnership property of one-fifth in amount and value, and if it should turn out on a settlement and adjustment of the partnership that in fact she does not own that much the notes should be credited by the deficiency as of this date.

Considering the exorbitant price agreed to be given by appellant, the construction we have given to the paper filed by appellees and to their petition harmonizes with justice and equity and certainly does no injustice to appellees. We are, therefore, of opinion that the court below erred in sustaining the demurrer to the counterclaim of appellants and in rendering judgment for the full amount of the notes, before ascertaining by reference to the master commissioner or otherwise whether appellees in fact own and can convey an interest of one-fifth in the partnership property.

The deed tendered was not such in other respects as authorized a judgment upon the notes. The notes show upon their face that the consideration thereof was "for an interest in the land and personal property this day purchased." No other interpretation of the language can be properly given than that it was the entire interest of the vendors thus sold. Yet, in the deed tendered the terms of the contract are so varied as to except from the conveyance the slave that belonged to the firm as before mentioned.

The judgment of the court below is, therefore, *reversed* and cause remanded for further proceedings consistent with this opinion.

*Geo. R. Pryor, A. Duvall, for appellant.*

*J. S. Bronaugh, for appellees.*